UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola DIVISION

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

Carlos Ruiz,
Inmate # 086219.
(Enter full name of Plaintiff)

vs.

CASE NO: 3:12cv479 RV/CJK
(To be assigned by Clerk)

T. Beaver, CO; Osteen, C.O;
Hall, C.O; (Joe Doe, CO);
Robers, Sgt; J.M. Coleman,
Sgt; W. L. Gielow, Lt.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed100212UsDcFln3AM1121

**I. PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Carlos Ruiz
Inmate Number 086219
Prison or Jail: Santa Rosa C.I.
Mailing address: 5850 East milton Rd
milton fla. 32583

**II. DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: T. Beaver
Official position: Correctional officer
Employed at: Santa Rosa C.I.
Mailing address: 5850 E. milton Rd
milton fla. 32583

(2) Defendant's name: osteen
Official position: Correctional officer
Employed at: Santa Rosa C.I.
Mailing address: 5850 E. milton Rd
milton, fla 32583

(3) Defendant's name: Hall
Official position: Correctional officer
Employed at: Santa Rosa C.I.
Mailing address: 5850 E. milton Rd
milton, fla 32583

continued on page 2-1

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

Joe doe
Correctional officer
Santa Rosa Correctional Inst.
5850 E. milton Rd
milton, Fla 32583

Rogers
Correctional Sgt
Santa Rosa CI
5850 E. milton Rd
milton, Fla 32583

J.M. Coleman
Correctional Sgt.
Santa Rosa CI
5850 E. milton Rd
milton, Fla 32583

W.L. Gielow
Correctional Lt
Santa Rosa CI
5850 E. milton Rd
milton, Fla. 32583

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

Yes( X ) No( )

1. Parties to previous action:
   (a) Plaintiff(s): Carlos Ruiz
   (b) Defendant(s): DOC Secretary
2. Name of judge: Flavos Case #: 2010 CA 000363
3. County and judicial circuit: 2nd Jud. Cir. Leon County
4. Approximate filing date: 2/10
5. If not still pending, date of dismissal: 3/11
6. Reason for dismissal: failure to state a claim
7. Facts and claims of case: abuses against inmates

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ) No( X )

1. Parties to previous action:
   a. Plaintiff(s): ______
   b. Defendant(s): ______
2. District and judicial division: ______
3. Name of judge: ______ Case #: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______

7. Facts and claims of case: ______

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( X ) No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): See Page 4-1
   b. Defendant(s): ______
2. District and judicial division: ______
3. Name of judge: ______ Case #: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______
7. Facts and claims of case: ______

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( X ) No( )

1. Parties to previous action:
   a. Plaintiff(s): Carlos Ruiz
   b. Defendant(s): Lt Shaner, et al,
2. District and judicial division: U.S. Dist. Court, Pensacola
3. Name of judge: L A Collier Case Docket # 3:12cv405
4. Approximate filing date: 8/20/12 ? Dismissal date: 9/10/12
5. Reason for dismissal: allegely malicious



See page 4-1 and 4-2

On 1990? plaintiff participated in a class action lawsuit drafted by jailhouse lawyer William Van Poyck and attorney eliane winner from Sarasota was representing us, but plaintiff don't remember what was the issue nor did he understand English at the time. See "Plaintiff objection Details", filed on 4/5/12 for case no. 3:12cv405/LC/CJK.

Also, plaintiff now remember another case also prepaired by same inmate Van Poyck, but plaintiff don't remember how this case was styled, if "Ruiz v. Dugger", or what.

Plaintiff also participated in a class action styled "Osterback v. Singletary, but all plaintiff did in this action was to provide the lawyers with copies of grievances he had filed.

If plaintiff did not disclose this information before it was because it did not even cross plaintiff's mind -- too long ago.

See also case no. 3:12cv240-MCR/EMT, case no. 3:12cv404 MCR/CJK, and 3:12cv427-MCR/CJK, filed in this court.

Plaintiff will disclose here all cases this Court alleges were filed by plaintiff when dismissing case no. 3:12cv405/LC/CJK, or when recommending to dismiss case no. 3:12cv443/LC/EMT, too. But plaintiff does not know why such cases were dismissed. See "Plaintiff Objections" and "Plaintiff objection logic", filed on 9/23/12 for case no. 3:12cv443/LC/EMT.

Ruiz V. Dugger, case no. 3:90cv651/WTH.

Ruiz V. Several Correctional officers, case no 3:11cv292/MCR/EMT.

Ruiz V. Thornton, case no. 3:90cv763/WTH

Ruiz V. Doe, case no. 8:90cv817/RWN.

Corniello V. Dugger, case no. 3:90cv711/HES

Now, even though the following cases were not under § 1983 but only mandamus petitions, plaintiff will disclose them, too, all filed on Leon County, Fla.

Case no. 2008 CA 004123, 2009 CA 002106, 2009 CA 002107, 2009 CA 004003, 2010 CA 000363, 2011 CA 001275, 2011 CA 001303, 2011 CA 001441, 2011 CA 002174, 2011 CA 002954, ~~and~~ 2012 CA 001390, and 63-2012 CA 0054.

Now, these are all cases filed by plaintiff, or as alleged by this Court that he did it.

6. Facts and claims of case: Physical assault upon plaintiff 8th amend. rights violated

**(Attach additional pages as necessary to list cases.)**

See page 4-1

**V. STATEMENT OF FACTS:**

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. On 4/22/10, after untold documented abuses and bogus DRs, plaintiff was moved, by orders of the chief of security, from C-dorm to B-dorm, escorted by C.O. Osteen (see case no. 3:12 CV240-MCR/EMT), who told plaintiff before leaving C-dorm "you are going to B-dorm and Lt Gielow will take care of you over there" - documented on grievance log # 1004-119-487, dated 4/26/10, and, upon his arrival in B-dorm, plaintiff was verbally sexsually assaulted by all awaiting officers in B-dorm: CO Hall (see case no. 3:12CV404-MCR/EMT), C.O. Beaver, Sgt Coleman (C-dorm supervisor and who was not supposed to be there, see case no. 3:12CV240-MCR/EMT), Sgt Rogers, C.O. Osteen, and another C.O. whose name plaintiff don't know.

2. After the verbal assault, plaintiff was taken, by all aforementioned officers, to room B1215, housing a black inmate*

* Plaintiff have grievance's response, log # 08-6-00919 where central office state that such information (not to be housed with black inmates) was noted in plaintiff's contact card, form DC6-229.

and plaintiff said "not here", and C.O. Beaver pushed plaintiff few times attempting to forcibly make plaintiff step into room B1215, in total contempt toward central office response, see footnote on page 5 and because plaintiff said "not here", C.O. Beaver violently threw plaintiff against the floor and placed himself on top of plaintiff, while with one hand C.O. Beaver was pulling on plaintiff' collar bone attempting to break it and, at the same time, C.O. Beaver was hitting plaintiff on his spinal cord with his knee, hurting plaintiff.

3. When all this was taking place, all aforementioned officers were making a circle around plaintiff and CO Beaver as to block the camera video from filming C.O. Beaver' assault upon plaintiff on the ground. documented on Grievance log # 1004-119-487 and 10-6-15291, see page 6-6.

4. The housing supervisor, Lt Gielow, was the one ordering everything: on May/08, Lt Gielow wrote plaintiff 2 bogus DRs in reference to central office' response to grievance log # 08-6-00919, stating that plaintiff's no wanting to be housed with black inmates was noted on plaintiff' contact card, form DC6-229, all documented.

5. After all this abuses, plaintiff was taken to medical, where the nurse examined plaintiff and told him "you need to come to sick call, you've got bruises on your back".

6. Then, plaintiff was housed alone in a 2 men room in B1216, and, even though plaintiff repeatedly asked for a sick call request, the C.O.s denied it to him. So no medical-

7. Then, C.O. Beaver and Co Hall told the black inmate in B1215 and then to all people in the wing "I/m Ruiz don't like blacks" and many other slanders.

8. Next day, 4/23/10, in the morning, Sgt Rogers (housing supervisor under Lt Gielow) came to plaintiff room, handcuffed him, and, after opening plaintiff door, ordered inmate Staples, I.D. # P38040, a black inmate, to step into plaintiff' room, without Staples' personal property since they believed that once a black inmate was housed with plaintiff, that the black inmate would assault plaintiff.

9. later on, C.O. Beaver came by and told inmate Staples "do me a favor, beat the shit out of him (Plaintiff), he don't like black people". note: Co Beaver, and all his co-workers, are Known white supremacists and racists haters.

10. Since inmate staples realized they were attempting to use him, I/m Staples wrote an affidavit for plaintiff, Stating it all in such affidavit and he himself also filed grievances about this matters. By the way, later on, plaintiff heard I/m Staples was repeatedly gassed in

D-dorm: Retaliation, of course.

11. When C.O. Beaver violently threw plaintiff against the floor, and started abusing plaintiff once in the ground (plaintiff in full body restrains!) and attempting to break plaintiff' collar bone and hitting plaintiff's spinal cord with his knee, C.O. Beaver was doing it with full knowledge of what he was doing: violating plaintiff' 8th amend. Const. rights, and doing it with deliberate indifference, with malice, and with the evil intent of hurting plaintiff, and doing it all with a sufficiently culpable state of mind, and also knowing full well he would get away with it all, that all their abuses and wrongful/criminal actions against inmates are condoned and/or covered up at all levels.

12. All named defendants herein, including "Joe Doe" and whose name should be found and added to the list of named defendants, were directly involved into this assault upon plaintiff since they all were there not only approving it all but also covering the crime itself: making a circle around plaintiff and C.O. Beaver as to cover the camera view from filming all this wrongful

actions being committed against plaintiff. Thus, they all are accomplices of this crime, too.

13. all above cited defendants were fully conscious that their actions violated plaintiff 8th amendment Const. rights, allowing such abuses against plaintiff before their own eyes, and approving it all with malice, wanting to harm plaintiff, and doing it with a sufficiently culpable state of mind, with full knowledge of what they were doing, and doing it with deliberate indifference and also knowing full well that they all operates under total impunity.

14. As for Lt Gielow, if in case no. 3:12cv240-MCR/EMT the mastermind of everything was Sgt Coleman, in this case here the master mind behind it all was Lt Gielow. first, as the housing Lt (supervisor) who should approve every move into his turf, and second, for retaliation, not only for plaintiff known grievances and court case no. 2010 CA 000363, exposing abuses, cruelties, and even Crimes, yes Crimes, committed against inmates, but also because plaintiff filed grievances requesting that Lt Gielow be

fired from the department for contempt toward central office authority. See "final note", on page 6-7.

15. Now, it is well settled that personal involvement of defendants in alleged constitutional deprivation is a prerequisite to an award of damages under § 1983.

16. The personal involvement of a supervisory defendant may be shown by evidence that the defendant participated directly in the alleged constitutional violation; the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom; the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or, the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

17. all named defendants in this action showed an attitude

of deliberate indifference when seeing before their own eyes as plaintiff was being assaulted by C.O. Beaver and did nothing but to form a circle around plaintiff and the assailant with the criminal intent of covering the Camera from filming what was being done to plaintiff, and doing it with a sufficiently culpable state of mind, with malice, and with the evil intent of seeing plaintiff hurt.

18. Thus, every named defendant herein is as liable as C.O. Beaver himself, and every one should face the Same consequences.

note: few days after C.O Beaver assault on plaintiff, plaintiff filed a motion in the first DCA for case no. 1D10-6034 (L.T. case no. 2010 CA 000363), attempting to seek protection from the court, and the court forwarded copy of plaintiff' motion, along with a cover letter, to the DOC inspector general, telling the I.G. of the abuses in Santa Rosa CI against plaintiff, something the first DCA has been doing up to date, and what have done the I.G. concerning this matters? Covering

everything up, in conjuction and connivance with santa Rosa CI and their agents, well known methods of the department of Corruption.

---

Response to grievance log # 1004-119-487, state "This incident is under review by the use of force unit of the office of the inspector general. Inasmuch as it is being reviewed no action will be taken at this time.

Copy of this grievance will be forwarded to institutional inspector. your grievance is denied" warden response.

In response to grievance appeal log# 10-6-15291, central office state "The subject of your grievance is currently under review by the departmental staff. at the conclusion of that review appropriate and necessary action will be taken. any further correspondence regarding this issue should be directed to the inspector general office".

final note:

Another Constitutional Violation: Plaintiff have a Constitutional right to grieve and to ask the Government for the redress of grievances, 1st and 14th Amendments, and every abuse committed against plaintiff in Santa Rosa CI is based on his grievances and court cases exposing the DOC agents abuses and wrongs perpetrated against inmates in Santa Rosa CI., where to grieve is a "crime" and where they will make you pay for it if you do it, something that can be corroborate by all present inmates housed now in Santa Rosa CI or all those who have been housed here at any time.

If you grieve, you pay for it -- plaintiff have been 3 times close to his release from C.M., and every time he have been made to pay for his grievances and court cases, reasigned back to C.M.-I over and over, for almost 6 years now, plus, plaintiff is in C.M. "on the house", too -- proven in black and white: false imprisoment!

**VI. STATEMENT OF CLAIMS:**

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.** Rights under 8th amendment were violated by each named defendant in this complaint's statement of facts.

1st and 14th amendments has been violated, too, by the defendants, and by the administration, who don't tolerate it.

**VII. RELIEF REQUESTED:**

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. Injuntive and punitive Compensatory damages for 100.000 dollars from each named defendant -- each one in his personal/individual and/or official capacity. a trial by jury any other relief this court deems just.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Sept. 30, 2012
(Date)

Carlos Ruiz
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 30th day of Sept, 2012.

Carlos Ruiz
(Signature of Plaintiff)

Revised 03/07

Carlos Ruiz # 086219
Santa Rosa Correctional Institution
5850 East milton Road
milton, Florida 32583

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION



U.S. POSTAGE PITNEY BOWES
ZIP 32583 $ 001.90⁰
02 1W
0001370476 OCT 01 2012

Office of the Clerk
United States District Court
Northern District of Florida
1 North Palafox street
Pensacola, Florida 32502